Randy Jay JOLLIFF, Plaintiff–
Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA; Cimarron Correctional
Facility, Defendants–Appellees.

No. 15–6090.

United States Court of Appeals,
Tenth Circuit.

Dec. 29, 2015.

Randy Jay Jolliff, Lexington, OK, pro
se.

Darrell L. Moore, J. Ralph Moore PC,
Pryor, OK, for Defendants–Appellees.

Before HOLMES, MATHESON, and
PHILLIPS, Circuit Judges.

## ORDER AND JUDGMENT [*]

JEROME A. HOLMES, Circuit Judge.

Pro se[1] prisoner Randy Jolliff filed a
civil-rights action against Corrections Cor-
poration of America and Cimarron Correc-
tional Facility ("Cimarron") (collectively,
"the Prison") under 42 U.S.C. § 1983.
The district court found that Mr. Jolliff
failed to exhaust his administrative reme-
dies and granted summary judgment in
favor of the Prison. Mr. Jolliff now ap-
peals and moves for leave to proceed *in
forma pauperis* ("IFP"). Exercising juris-
diction pursuant to 28 U.S.C. § 1291, we
**affirm** and **grant** Mr. Jolliff leave to pro-
ceed IFP on appeal.

[*] This order and judgment is not binding prece-
dent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive val-
ue consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1.

I

The sole question before us is whether
Mr. Jolliff exhausted his administrative
remedies prior to initiating his § 1983 ac-
tion against the Prison. "We review de
novo the district court's finding of failure
to exhaust administrative remedies." *Jer-
nigan v. Stuchell,* 304 F.3d 1030, 1032
(10th Cir.2002).

The Prison Litigation Reform Act
("PLRA") requires that "a prisoner ...
exhaust his administrative remedies prior
to filing a lawsuit regarding prison condi-
tions in federal court." *Little v. Jones,* 607
F.3d 1245, 1249 (10th Cir.2010) (citing 42
U.S.C. § 1997e(a)). A prisoner exhausts
administrative remedies "by properly fol-
lowing all of the steps laid out in the
prison system's grievance procedure." *Id.*
However, the PLRA only requires the ex-
haustion of administrative remedies "as
are available." 42 U.S.C. § 1997e(a).
"Where prison officials prevent, thwart, or
hinder a prisoner's efforts to avail himself
of an administrative remedy, they render
that remedy 'unavailable' and a court will
excuse the prisoner's failure to exhaust."
*Little,* 607 F.3d at 1250.

As an inmate in Cimarron, Mr. Jolliff
was required to complete the four-step
grievance policy promulgated by the Okla-
homa Department of Corrections
("ODOC"). *See id.* Mr. Jolliff concedes
that he failed to comply with the ODOC's
grievance procedures but argues that his
failure to exhaust should be excused be-
cause Prison officials thwarted his efforts

1. Because Mr. Jolliff appears pro se, we af-
ford his filings a liberal construction, *see
Garza v. Davis,* 596 F.3d 1198, 1201 n. 2 (10th
Cir.2010), but we do not craft arguments or
otherwise advocate for him, *see Yang v. Ar-
chuleta,* 525 F.3d 925, 927 n. 1 (10th Cir.
2008).

to file a formal grievance, the third step in the ODOC grievance process. *See* ODOC Inmate/Offender Grievance Process, § V.A. Specifically, he alleges that he submitted formal grievances to numerous Prison officials, including the warden, but received no response.

Such non-responsiveness, however, does not excuse a prisoner's failure to exhaust administrative remedies under the ODOC's grievance policy. When a prisoner receives no response to a formal grievance, the ODOC's grievance policy instructs the prisoner to send a separate grievance asserting the failure to respond to the Administrative Review Authority. *See id.* § V.C.4. Mr. Jolliff has not alleged or submitted any evidence that he attempted to comply with this procedure. Consequently, we must conclude that Mr. Jolliff failed to exhaust his administrative remedies and is not excused from his failure to do so. Accordingly, the district court correctly granted summary judgment in the Prison's favor.

Although he did not prevail, Mr. Jolliff "has demonstrated 'a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir.1991)). Thus, we allow him to proceed on appeal IFP. However, we remind Mr. Joliff that he is obliged to continue making partial payments until he has completely paid the appellate filing fee.

## II

For the foregoing reasons, we **AFFIRM** the district court's grant of summary judgment for the Prison and **GRANT** Mr. Jolliff leave to proceed IFP.